# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH REYNOLDS,

    Petitioner,

vs.

MICHAEL BUDGE, et al.,

    Respondents.

3:05-cv-0709-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's request (#14) for a certificate of appealability (COA). Petitioner is seeking to appeal a judgment in which the Court dismissed the petition with prejudice as time-barred.

    When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

    On the showing made by petitioner, the Court finds that the application for a certificate of

appealability should be denied. On the second prong of the *Slack* standard, the Court does not find that jurists of reason would find it debatable whether the petition was properly dismissed as untimely.

First, petitioner failed to file a response to the Court's show cause order (#4). The order notified petitioner that the petition was subject to dismissal on its face as untimely, informed him of the governing law, and directed him to file a response within thirty days. The order further specifically informed petitioner:

> If petitioner does not timely respond to this order or if petitioner does not assert facts, in a declaration under penalty of perjury, sufficient to prevent the statute of limitations from running against him, the petition will be dismissed with prejudice as untimely.

#4, at 2. Thereafter, petitioner failed to file a response to the show cause order. He may not now present legal argument or factual assertions on appeal that he did not first present in the district court in a response to the show cause order.

Second, the request for a COA and notice of appeal in any event do not provide any argument whatsoever demonstrating a viable issue for appeal with regard to the dismissal of the petition as time-barred. Petitioner seeks on appeal to raise assignments of error as to "retroactivity" and "exhaustion of remedies." However, the petition was not dismissed for lack of exhaustion of remedies; and it was not dismissed on the merits. Rather, the petition was dismissed as time-barred under 28 U.S.C. § 2244(d)(1). All of the arguments in the request for a COA concern issues of either exhaustion or the merits and beg the question with regard to the basis for dismissal.[1]

Third, the petition plainly was properly dismissed as untimely. Petitioner filed the federal petition more than eight years after the limitations period expired, absent tolling; and petitioner has not demonstrated a basis for either statutory or equitable tolling that would render the petition timely.

///

---

[1] In its order (#10) of dismissal, the Court referred to the nonretroactivity of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Petitioner made a conclusory allegation in his amended petition that failure to consider his claim under *Blakely* would result in a fundamental miscarriage of justice. The Court noted: (1) that petitioner, who had pled guilty, had made no showing of the actual factual innocence required to establish the fundamental miscarriage of justice exception, if, *arguendo*, applicable to timeliness issues; and (2) that the Ninth Circuit in any event had held that *Blakely* did not apply retroactively to a conviction, such as petitioner's 1988 conviction, that became final before the date of that decision. *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir.2005).

IT THEREFORE IS ORDERED that petitioner's request (#14) for a certificate of appealability is DENIED.

DATED this 7th day of July, 2006.

_____
LARRY R. HICKS
United States District Judge