# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH REYNOLDS,

    Petitioner,

vs.

MICHAEL BUDGE, *et al.,*

    Respondents.

3:05-cv-00709-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#33) for a certificate of appealability (COA). Petitioner is seeking to appeal a judgment in which the Court dismissed the petition with prejudice as time-barred.

    When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

The Court finds that the application for a certificate of appealability should be denied. On the second prong of the *Slack* standard, the Court does not find that jurists of reason would find it debatable whether the petition was properly dismissed as untimely. Petitioner filed the federal petition more than eight years after the federal limitation period expired, absent tolling; and petitioner has not demonstrated a basis for either statutory or equitable tolling that would render the petition timely.

Petitioner seeks a COA on three issues or claims of error.

First, petitioner seeks a COA on an issue of whether he satisfied "the equitable tolling requirements enumerated by 28 USC 2244(d)(1)(A)." This assignment of error does not appear to present a coherent issue for appeal. Section 2244(d)(1)(A) does not state equitable tolling requirements but instead states an accrual rule that the limitation period shall run from, *inter alia*, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." If petitioner is referring instead to the statutory tolling rule in 28 U.S.C. § 2244(d)(1)(D),[1] petitioner, the only basis that petitioner presented in this Court for tolling under this provision was his contention that the Supreme Court's *Apprendi*, *Booker*, and *FanFan* decisions constituted the recognition of "new facts" that he could not have discovered previously. This frivolous contention does not present a COA-worthy issue for appeal. See #30, at 3; see also *id.*, at 4 n.3.

Second, petitioner seeks a COA on an issue of "whether petitioner's motion to correct an illegal sentence [that was] denied by the state courts . . . is entitled to federal review on the constitutional issues under 28 USC 2241." The Court properly rejected petitioner's underlying contentions: (a) that his petition is governed by Section 2241 rather than Section 2254; (b) that the fact that a motion to correct illegal sentence may be brought at any time under Nevada state practice avoids the federal time-bar; and (c) that constitutional issues are not subject to the federal limitation period of Section 2244(d)(1). See #30, at 4, n.3, & 5. These contentions do not present a COA-worthy issue for appeal.

Third, petitioner seeks a COA on an issue of whether the *Apprendi* decision rendered his petition timely based upon 28 U.S.C. § 2244(d)(1)(C), which provides for a delayed accrual rule running from

---

[1] This subsection provides for a delayed accrual date running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

"the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  However, *Apprendi* - which was issued more than five years before the federal petition – and the subsequent related cases have not been made retroactively applicable to cases on collateral review.  This delayed accrual rule therefore would not be available to petitioner even if his federal and state petitions had been filed within a year of *Apprendi*, which they were not.  See #30, at 3-4 & n.2.

The petition plainly was properly dismissed as untimely.

IT THEREFORE IS ORDERED that petitioner's motion (#33) for a certificate of appealability is DENIED.

DATED this 13th day of November, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE